**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NAVASHIA AKINS** **PLAINTIFF**

**V.** **Case No. 4:26-CV-00428-JM**

**CAPITAL ONE BANK USA NA** **DEFENDANT**

**ORDER**

Plaintiff Navashia Akins's motion to proceed *in forma pauperis* (Doc. 1) is granted. She reports limited income. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that the Court screen the Complaint. 28 U.S.C. § 1915(e)(2). "A pro se plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Akins has met this burden. Akins alleges Capital One Bank violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1681d, and the Arkansas Deceptive Practices Act (ADPA), Ark. Code Ann. § 4-88-107, when it cancelled her credit card and then both failed to provide her with written notification of its reasons and interfered with her ability to timely dispute the matter.

(Doc. 2); *Madrigal v. Kline Oldsmobile, Inc.*, 423 F.3d 819, 822 (8th Cir. 2005). For screening purposes only, the claims will be served. 28 U.S.C. § 1915(e).

Akins, however, has not provided defendant's address for service. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is plaintiff's responsibility to provide valid service information so that summons can be issued). Akins has thirty days to file defendant's address with the Clerk of Court. On receipt of the mailing address, the Clerk is directed to issue summons for defendant and deliver it, along with a copy of the Complaint and this Order, to the United States Marshal for the Eastern District of Arkansas for service on defendant. The Marshal must serve process, without prepayment of fees, by registered mail, restricted delivery, return receipt required, on any registered agent, officer, managing agent, or any other agent authorized to receive service at Capital One Bank.

If Akins does not provide a valid service address, and defendant is not otherwise served in the time allowed, Akins's claims against defendant will be dismissed without prejudice. See Fed. R. Civ. P. 4(m). Akins is required to be familiar and comply with the Federal Rules of Civil Procedure as well as the Local Rules of this Court.[1] Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties, those representing themselves without an attorney, should sign all pleadings and include their address and telephone number with the signature. If any communication from the Court to a *pro se* party is not responded to within thirty (30) days, the <u>Court may dismiss the case for failure to prosecute</u>.

[1] These rules are available online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure and http://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

IT IS SO ORDERED this 6th day of October, 2026.

UNITED STATES DISTRICT JUDGE